UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LQD BUSINESS FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-4765 |
| | ) | |
| CRIDER ELECTRIC, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

LQD Business Finance, LLC ("LQD"), by counsel, for its Complaint against Crider Electric, LLC alleges as follows:

### PARTIES

1.     LQD is a Delaware limited liability company with its principal place of business in Chicago, Illinois. LQD is a corporate lending company that provides structured loans to small businesses.

2.     LQD's sole member is LQD Financial Corporation, a Delaware corporation with its principal place of business in Chicago, Illinois.

3.     Crider Electric LLC ("Crider LLC") is an Indiana limited liability company with its principal place of business in Fishers, Indiana.  Deborah Crider-Nance is the sole member of Crider LLC.  Deborah Crider is a resident of Fishers, Indiana and an Indiana citizen.

4.     Upon information and belief, Crider LLC is the alter ego of an entity known as Crider Electrical & Mechanical Inc. ("Crider E&M") (together with Crider LLC, "Crider"), which is an Indiana corporation with its principal place of business in Fishers, Indiana.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between LQD and Crider and the damage caused to LQD exceeds $75,000.

6.      This Court has personal jurisdiction over Crider Electrical LLC, Crider Electrical & Mechanical, Inc. and Deborah Crider-Nance and Jesse Nance.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Crider is subject to personal jurisdiction here.

## THE LOAN AGREEMENTS

8.      On October 9, 2015, Crider E&M, along with its owners, executed a loan agreement with LQD for a principal amount of $190,000.  *See* Exhibit A.

9.      Among other provisions, the agreement provides that the "Borrowers will not conduct business under any name other than as disclosed to the Lender . . . unless written approval has been received from Lender."  *See* Exhibit A at ¶ 13(i).  The agreement also contains provisions governing the collection of costs and attorneys' fees incurred by LQD in connection with collection of the loan agreement.  *See* Exhibit A at ¶ 17.

10.     The agreement also grants LQD "a lien and security interest in . . . all right, title, and interest of any of the Borrowers in all of each Borrower's assets and all products or proceeds thereof, whether now owned or existing or hereafter created, acquired, or arising, (the 'Collateral')."  *See* Exhibit A at ¶ 9.

11.     On November 18, 2015, Crider E&M and its owners executed a second loan agreement with LQD for a principal amount of $200,000.  *See* Exhibit B.  The November 18, 2015 agreement consolidated a prior loan balance of $145,000.00.  *See* Exhibit B, Schedule A.

12.     On February 5, 2016, Crider E&M executed a third loan agreement with LQD for a principal amount of $390,000.  *See* Exhibit C.  The February 5, 2016 agreement consolidated two prior loan balances of $161,953.81 and $183,035.43.  *See* Exhibit C, Schedule A.

13.     On May 2, 2016, Crider E&M executed a fourth loan agreement with LQD for a principal amount of $20,000.  *See* Exhibit D.

14.     Along with the execution of the agreement, Crider E&M and its owners executed a Borrower Certification on May 2, 2016, which provides that Crider E&M "may not divert any funds, including without limitation funds from sales, to any bank account other than those accounts disclosed to LQD.  Borrowers understand that a failure to will constitute and a default under the loan agreement and shall constitute fraud."  *See* Exhibit E, Paragraph 6.

15.     The terms and conditions of the second, third, and forth loan agreements are substantially similar to those contained in the October 9, 2015 loan agreement between Crider E&M and LQD.

16.     Crider E&M defaulted on the loan agreements with an outstanding balance of $303,011.00.  *See* Exhibit F.

17.     As of the filing of this Complaint, Crider E&M owes LQD $303,011.00.

### THE CRIDER ENTITIES

18.     Crider E&M was incorporated on May 2, 2013.  The shareholders of Crider E&M were Deborah Crider-Nance, vice president, and Jessie Nance, president.

19.     Mrs. Crider-Nance and Mr. Nance are husband and wife.

20. Crider E&M was engaged in the business of residential and commercial electrical construction and repair services.

21. Deborah Crider-Nance was majority shareholder of Crider E&M, owning 60% of shares. Mr. Nance owned the remaining shares.

22. On October 19, 2016, a successor entity named Crider Electric LLC was formed in Indiana.

23. Crider LLC is engaged in the business of residential and commercial electrical construction and repair services.

24. Deborah Crider-Nance is the sole member of Crider LLC.

25. Following its formation, Crider LLC systematically hired Crider E&M's employees.

26. Following its formation, Crider LLC systematically acquired assets from Crider E&M.

27. Following its formation, Crider E&M systematically transferred its business contracts and work orders to Crider LLC for work to be continued at Crider LLC.

28. The transfer of property and assets by Crider E&M occurred during the pendency or in anticipation of bankruptcy proceedings and was not made in the usual mode or course of doing business or under customary methods.

29. The transfer of property and assets was made for the purpose of rendering Crider E&M insolvent or reducing its assets.

30. The transfer of property and assets was made in such a way as to permit Crider LLC and its member to retain benefits over the transferred property and assets in return for little or no consideration.

31.    The transfer of property and assets occurred between family members; namely, Jessie Nance and Deborah Crider-Nance as co-owners of both Crider entities.

32.    Crider E&M filed for bankruptcy after having transferred all or substantially all assets to Crider LLC in an attempt to defraud its creditors, including LQD.

33.    Crider E&M was administratively dissolved on November 5, 2017.

34.    Upon information and belief, Crider E&M was undercapitalized at the time of dissolution.

35.    Prior to dissolution of Crider E&M, the corporation represented that it was not engaged in business under another business name.  *See* Exhibit A.  Crider E&M also represented that it would not divert funds from the loan agreements to any bank accounts it did not disclose to LQD.  *See* Exhibit E.

36.    Crider E&M has continued doing business as Crider LLC and diverted funds from the loan agreements to bank accounts that were not disclosed to LQD.

37.    Upon information and belief, Crider sold collateral in which LQD had an interest without remitting proceeds of those sales following Crider's default on the loan agreements.

38.    Upon information and belief, Crider E&M and Crider LLC engaged in a de facto merger, through which Crider LLC became the resulting merged entity to continue the Crider business enterprise.

**SIMILARITIES BETWEEN THE CRIDER ENTITIES**

39.    Both Crider entities are engaged in the similar business of providing electrical contractor services.

40.    The Crider entities have similar corporate names.

41.    Both Crider entities operate out of the same physical office at 12574 Promise Creek Lane, Suite 112, Fishers, Indiana 46038 and use the same telephone numbers.

42.    Both Crider entities share common shareholders, principal corporate officers, and directors.

43.    Both Crider entities service substantially the same customers, contracts, and/or agreements.

44.    Both Crider entities have the same majority shareholder/member: Deborah Crider-Nance.

45.    Both Crider entities use the same website.

46.    Both Crider entities use essentially the same corporate logo.

47.    Both Crider entities employ substantially the same employees.

48.    Upon information and belief, the Crider entities commingled assets and affairs and failed to observe required corporate formalities.

49.    Upon information and belief, Crider LLC assumed liabilities for the uninterrupted continuation of Crider E&M's business, including assumption of the lease for the office space at 12574 Promise Creek Lane, Suite 112, Fishers, Indiana 46038 as well as certain customer contracts.

### COUNT I – BREACH OF CONTRACT (SUCCESSOR LIABILITY)

50.    LQD incorporates and realleges its prior allegations as if set forth fully herein.

51.    Crider E&M fraudulently conveyed or transferred all or substantially all of its assets to Crider LLC for the purpose of escaping liability to its creditors, including LQD.

52.    Crider LLC is the mere continuation of Crider E&M or the Crider entities engaged in a de facto merger.

53.     Crider is therefore liable under a theory of successor liability.

54.     Crider defaulted under the loan agreements by, inter alia, failing to make payments of principal or interest due thereunder or by filing a petition in bankruptcy.

55.     Despite demand for payment, Crider has failed or refused to make payments for the amounts due and owing under the loan agreements.

56.     The indebtedness is now due and owing and has not been paid by Crider.

57.     LQD owns all rights to recover under the loan agreements for Crider's breach of contract.

58.     All conditions precedent to the right of LQD to recover under the loan agreements have occurred or have been waived.

59.     As a direct and foreseeable result of Crider's breach of contract, LQD has suffered damages.

### COUNT II – PIERCING THE CORPORATE VEIL (ALTER EGO LIABILITY)

60.     LQD incorporates and realleges its prior allegations as if set forth fully herein.

61.      Upon information and belief, Crider E&M and Crider LLC are alter egos of one another that have disregarded the corporate form to promote an inequitable result.

62.     The entities have not been operated separately, but rather have been managed as one enterprise through their interrelationship to cause illegality, fraud, or injustice, or to permit one economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise.

63.     There is significant overlap between Crider E&M and Crider LLC, which suggests that the two entities are merely alter egos of one another.

### COUNT III – FRAUDULENT TRANSFER OR CONVEYANCE

64.    LQD incorporates and realleges its prior allegations as if set forth fully herein.

65.    Crider E&M transferred or conveyed property and assets to Crider LLC.

66.    The transfer or conveyance included certain badges of fraud, including but not limited to the transfer or conveyance of property by Crider E&M during the pendency of a suit; the transfer or conveyance of property rendering Crider E&M insolvent or having greatly reduced assets; a serious of transactions stripping Crider E&M of property available for execution; transactions between Crider LLC and Crider E&M that were not in the usual mode of doing business or that differed from customary methods; transactions completed in such a way so as to permit Crider E&M's owners to retain benefits over the transferred property and assets in exchange for little or no consideration; and the transfer or conveyance of property between family members.

67.    The badges of fraud constitute fraudulent intent on the part of Crider with respect to the conveyance.

68.    The transfer or conveyance was made with the purpose of hindering, delaying, or defrauding creditors, including LQD.

69.    As a direct and foreseeable result of the fraudulent transfer or conveyance, LQD has suffered damages.

## COUNT IV – CONVERSION

70.    LQD incorporates and realleges its prior allegations as if set forth fully herein.

71.    Pursuant to the terms of the loan agreements, LQD possesses an immediate and unqualified right to possession of any proceeds resulting from the sale of the Collateral.

72.    Upon information and belief, Crider has sold, transferred, or conveyed items of the Collateral, including but not limited to the services contracts or agreements and payment

thereon, without remitting the proceeds from such sales as it was required to do so under the terms of the loan agreements.

73.     Upon information and belief, Crider actively participated in the misappropriation of the proceeds of one or more items of the Collateral.

74.     By failing to remit the proceeds of one or more items of the Collateral, Crider knowingly and intentionally exercised unauthorized control over the property of LQD.

75.     Pursuant to Indiana's Civil Action by Crime Victim Statute, IND. CODE § 34-24-3-1 *et seq.*, LQD is entitled to seek treble damages from Crider for any actual damages suffered as a result of the conversion committed by Crider, as well as reimbursement of its fees, costs, and other enumerated expenses.

76.     Crider committed willful and malicious injury to LQD by misappropriating and converting the proceeds of certain of the Collateral.

77.     As a direct and foreseeable result of Crider's conversion, LQD has suffered damages.

### PRAYER FOR RELIEF

For the foregoing reasons, LQD respectfully requests the following relief:

    i.       For compensatory damages for an amount to be proven at trial;

    ii.      For pre- and post-judgment interest as permitted by law;

    iii.    For LQD's reasonable attorneys' fees, costs, and expenses for prosecuting this action; and

    iv.    For such other and further just and proper relief.

Respectfully submitted,

LEWIS WAGNER, LLP


 /s/ AARON D. GRANT

AARON D. GRANT, #25594-49
JONATHAN W. PADISH, #32099-49
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone: 317-237-0500
Fax:     317-630-2790
Email:  agrant@lewiswagner.com
          jpadish@lewiswagner.com

*Counsel for LQD Business Finance, LLC*